ALD-216                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3263
_____

UNITED STATES OF AMERICA,

v.

AUGUST RANALLI,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:12-cr-00310-001)
District Judge: Honorable Yvette Kane

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on July 8, 2021

Before: McKEE, GREENAWAY, JR., and BIBAS, <u>Circuit Judges</u>

(Opinion filed: September 14, 2021)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

August Ranalli is an inmate of the federal Bureau of Prisons ("B.O.P."). He appeals pro se from the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We will affirm.

After a bench trial, Ranalli was found guilty of drug conspiracy and drug trafficking violations. In 2016, the District Court imposed a 144-month sentence. Ranalli filed a notice of appeal, but upon his motion for voluntary dismissal, the appeal was dismissed. His anticipated release date is in 2023.

In June 2020, while incarcerated at the medium-security Allenwood Federal Correctional Institution ("FCI Allenwood Medium"), Ranalli filed a motion for compassionate release under § 3582(c)(1)(A),[1] asserting that the COVID-19 pandemic presented an extraordinary and compelling reason to grant that relief. In support, he presented information concerning his health conditions (including diverticulosis, gastro-esophageal reflux disease, colon polyps, high cholesterol, hypertension, and post-traumatic stress disorder). He also presented information about his prison program achievements and the likelihood of qualifying for an earlier release date upon completion of other programs. The Government opposed Ranalli's motion. Ranalli filed additional supporting materials, arguing that his health conditions place him at greater risk of serious injury or death from COVID-19 and that his prison record supports his release. He emphasized his post-traumatic stress disorder and his increased suffering and anxiety from the COVID-19 threat and the prison's

---

[1] In May 2020, Ranalli filed his request with the prison warden, which the warden denied.

2

response to it. He also submitted documentation concerning FCI Allenwood's restrictions in response to the pandemic.

On October 22, 2020, the District Court denied Ranalli's motion for compassionate release. The District Court considered evidence of Ranalli's health conditions, noting Ranalli's assertion that his mental health has deteriorated under the restrictions imposed by the prison, but determined that Ranalli did not establish extraordinary and compelling reasons to justify granting relief. Further, the District Court found that the relevant sentencing factors of 18 U.S.C. § 3553(a) did not support early release, explaining that Ranalli "is a career offender with a history of violence, repeated parole violations, poor adjustment to release, and failed rehabilitation efforts." (District Court Oct. 22, 2020 Order at 3.) Moreover, the District Court determined that the 144-month sentence was appropriate to protect the public and to address the goal of Ranalli's rehabilitation. This appeal followed.[2]

We have jurisdiction under 28 U.S.C. § 1291. After Ranalli filed his opening brief, the Government filed a motion for summary affirmance. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Ranalli filed a response. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

A district court "may reduce [a federal inmate's] term of imprisonment and impose a term of probation or supervised release … if it finds that … extraordinary and compelling

---

[2] Ranalli also filed a motion for reconsideration, which the District Court denied. Because a motion for reconsideration is not among the motions under the Federal Rules of Criminal Procedure referenced in Rule 4(b)(3)(A) of the Federal Rules of Appellate Procedure, Ranalli's notice of appeal is not effective to appeal from the District Court's order denying that motion. See Fed. R. App. P. 4(b)(3)(C). That order is not before us.

reasons warrant such a reduction." Id. at 329 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (internal quotations omitted). Before granting release, a district court must consider the factors in § 3553(a) to the extent they are applicable. Id. These factors include the history and characteristics of the defendant, and the need for the sentence imposed (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; and (3) to protect the public. See 18 U.S.C. § 3553(a)(1), (2)(A)-(C).

We discern no abuse of discretion by the District Court in denying Ranalli's compassionate release motion. Ranalli argues that extraordinary and compelling reasons exist for his release, stating that the District Court did not fully account for his anguish and "extreme amounts of fear, anxiety, panic attacks and massive bouts of prolonged depression due to the onerous lockdowns and restrictions imposed by the B.O.P." Appellant's Response to Motion for Summary Affirmance at 1. Ranalli also emphasizes the onerous prison conditions. Yet even assuming the existence of extraordinary and compelling reasons, under § 3582(c)(1)(A), the District Court also must consider the applicable § 3553(a) factors. In Ranalli's case, the District Court concluded that the § 3353(a) factors do not support relief. As detailed above, the District Court considered Ranalli's criminal history and parole violations, and the goals of rehabilitation and protecting the public, in assessing whether early release from his 144-month sentence was warranted. We discern no clear error of judgment concerning the District Court's assessment of the § 3553(a) factors. See Pawlowski, 967

4

F.3 at 330 (requiring a "definite and firm conviction" that the district court committed a clear error of judgment before disturbing the district court's denial of relief).

Because this appeal does not present a substantial question, we grant the Government's motion and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.